UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALVIN HILL,

                Plaintiff,

-vs-                          Case No.  6:05-cv-1597-Orl-18KRS

CHEQUERED FLAG AUTO SALES, INC.,

                Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on Plaintiff's Motion for Attorneys' Fees and Costs, doc. no. 33.  Defendant Chequered Flag Auto Sales, Inc., has responded, doc. no. 34, and the matter is ripe for review.  The motion was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b).

I.      INTRODUCTION.

      On October 25, 2005, Plaintiff Alvin Hill filed a complaint seeking unpaid minimum wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and unpaid minimum wages and other unpaid wages under Florida law.  Doc. No. 1.  Defendant Chequered Flat Auto Sales, Inc. (Chequered Flag) answered the complaint on November 30, 2005, and a copy of the answer was electronically served on counsel for Hill.  Doc. No. 8.

In his Answers to the Court's Interrogatories, filed December 16, 2005, Hill indicated that he sought a total of $229.89 in unpaid wages, plus liquidated damages in an equal amount.  Doc. No. 13-2.

Thereafter, as required by the Scheduling Order, the parties engaged in settlement discussions.  After initially requesting additional time to pursue these discussions, doc. no. 18, on February 22, 2006, the parties filed a notice indicating that they had exhausted settlement efforts, doc. no. 19.  Accordingly, they filed a Case Management Report, doc. no. 20, and the Court issued a Case Management and Scheduling Order, doc. no. 21.

On November 7, 2006, Chequered Flag filed a motion for protective order indicating that it had served an offer of judgment "for everything Plaintiff asks in Plaintiff's Answer to the Court's Interrogatories," and requesting that Hill not be allowed to depose Chequered Flag's corporate representative.  Doc. No. 29.  Counsel for Chequered Flag represented that counsel for Hill opposed the motion.  *Id.*  The motion was denied so that Hill could consider the information learned in the deposition in deciding whether the accept the offer of judgment.  Doc. No. 30.  It does not appear that the deposition was conducted.

On November 21, 2006, Hill filed a notice indicating that he accepted the offer of judgment.  Doc. No. 31.  Pursuant to the offer of judgment, Hill received all allegedly unpaid wages, including liquidated damages. Doc. No. 31-2.  Judgment was entered on December 14, 2006.  Doc. No. 32.

## II.    ANALYSIS.

Hill requests attorneys' fees pursuant to 29 U.S.C. § 216(b), which provides for a

mandatory award of attorneys' fees.  In total, Hill requests $8,272.50 in fees, plus

$435.00 in costs.  Doc. No. 33 at 5.  Chequered Flag objects that all of the initial

settlement discussions were frustrated because of Hill's attorneys' fees demands.  Doc.

No. 34.  It also objects that many of the entries on the time sheets for Hill's counsel are

unreasonable, and requests that the Court use its discretion to disallow many of the

hours requested. *Id*.   A hearing will not assist the Court in resolving this matter, and I

therefore address the motion based on the papers.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that

"the most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." This amount, which is commonly referred to as the lodestar, is then adjusted to

reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292,

1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing

market rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience and reputation.  *Gaines v. Dougherty County Bd. of Educ.*,

775 F.2d 1565, 1571 (11th Cir. 1985).  Additional factors to be considered in determining

a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of

the issues; (3) the skill required to perform the legal services properly; (4) preclusion of

other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7)

time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

*A.      Reasonable Rate.*

Hill requests the following rates for his attorneys: $300.00 per hour for work performed by Richard B. Celler, Esq., and $225.00 per hour for work performed by Kelly Amritt, Esq.  Doc. No. 33-2.  Celler represents that he has been a member of the Florida Bar and the bar of this Court since 1999 "and has successfully obtained relief for Plaintiffs and Defendants in thousands of FLSA matters since that time."  He has also lectured on FLSA related issues.  Doc. No. 33.  He states that Amritt has been a member of the Florida Bar since 2003 "and has represented thousands of FLSA Plaintiffs since that time as well."  *Id.*

In other FLSA cases, this Court has previously determined that a reasonable rate for Celler's services, considering the Orlando legal market, is $250.00 per hour.  *Salerno v. Bouchelle Island Dev. Corp.*, No. 6:05-cv-1841-Orl-31DAB, 2007 WL 113983, *2 (M.D. Fla. Jan. 10, 2007).  In other FLSA cases, this Court has routinely awarded attorneys with professional experience similar to that of Celler the rate of $250.00 per hour.  *See Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D. Fla. Oct. 12, 2006).  The Court has also previously determined that a reasonable rate for an associate with roughly four years of experience is $150.00 per hour in FLSA cases. *Id.*

Considering the Orlando legal market, the nature of the case, and awards in similar cases, an hourly rate of $250.00 for Celler and $150.00 for Amritt is appropriate.

     *B.*     *Reasonable Number of Hours.*

Chequered Flag objects to many of the time entries as unreasonable.  I will address these objections by category.

     1.     <u>Time Worked Before The Complaint Was Filed</u>.

Chequered Flag asserts that attorney's fees can only be awarded for time worked after a complaint is filed.  The United States Court of Appeals for the Eleventh Circuit has held that "[i]nterviews, correspondence, and meetings with a potential plaintiff may yield factual information which will be utilized in pursuing the litigation so that the time billed for those activities can be considered time expended on the litigation," so long as the time is not spent in solicitation activities.  *Barnes*, 168 F.3d at 436.

Before the complaint was filed, Celler worked 4 hours.  He recorded this time as interviews with Hill, review of pay and time records, drafting the complaint, and performing record searches.  All of this work relates either to gathering factual information or preparing the pleadings, such that it would be compensable if the hours worked were reasonable.  Accordingly, the objection to time worked before the complaint was filed is not well taken.

     2.     <u>Excessive Time</u>.

Chequered Flag also argues that the time spent on various tasks was excessive. It specifically challenges the time devoted to preparing and withdrawing the motion for entry of Clerk's default, and the time spent reviewing the Court's order regarding the

motion.[1]  These objections are well taken.  The record in this case reflects that

Chequered Flag's answer was electronically served on Celler at his email address of

record on November 30, 2005.   Beginning on December 12, 2005, Celler worked on

matters relating to entry of a default apparently without looking at the docket of the case

to confirm whether an answer had been filed.  It is not appropriate to require an opposing

party to pay for work needlessly performed by an attorney due to lack of review of the file

in the case.  Accordingly, I recommend that these objections be sustained, and that

Celler's time be reduced by 1.7 hours.

Chequered Flag also contends that Celler spent an inordinate amount of time on

routine tasks.  Specifically, on November 7, 2005, he recorded 0.4 hours to complete and

electronically file a Certificate of Interested Persons (CIP) and Notice of Pendency of

Other Actions (NIP).  Review of the file reflects that the Notice of Pendency of Other

Actions is merely a form supplied by the Court on which Celler checked that there were

no related cases, dated and electronically signed it.  Doc. No. 6.  Similarly, the Certificate

of Interested Persons is a form supplied by the Court in which Celler inserted the names

of the parties and lawyers representing the parties and indicated that the case was

brought as a putative collective action.  Doc. No. 5.  These forms are standard in all

litigation in this Court, and Celler is familiar with them.  A reasonable time to complete

---

[1] These time entries are as follows: 12/12/05 "Prepared and Efiled Motion for
Clerk's Default, Affidavit, and supporting attachments" RBC 0.8 hours; 12/14/05
"Conference with chambers and advised Defendant filed an Answer that we never
received; Prepared Notice of Withdrawal of Motion for Clerk's Default; went to PACER to
retrieve and review Defendant's Answer and Affirmative Defenses" RBC 0.7 hours;
12/19/05 "Received and Reviewed Order denying Motion for Clerk's Default" RBC 0.2
hours.

both forms is 0.1 hours.  Accordingly, I recommend that Celler's time for these tasks be reduced by 0.3 hours.[2]

Similarly, Celler recorded 0.5 hours on January 31, 2006, to "prepare[ ] and Efile[ ] Motion to Appear Telephonically for Settlement Conference."  This is a two-page form motion that Celler regularly files in FLSA actions in this Court, which required minimal modification.  *Compare* Doc. No. 16 *with, e.g.,* Case No. 6:05-cv-724-Orl-18KRS, doc. no. 16.  A reasonable time to modify this form is 0.1 hours.  Accordingly, I recommend that Celler's time for preparing this motion be reduced by 0.3 hours.

Celler recorded 1.2 hours to prepare, finalize and file a Case Management Report.[3]  This Court has adopted a scheduling procedure designed to reduce attorney's fees by requiring the parties to engage in good faith settlement attempts before preparing a Case Management Report.  The Scheduling Order in this case required the parties to do a number of things, including engaging in a settlement conference, before submitting a Case Management Report.  Doc. No. 11.  Celler's time sheet reflects that the settlement conference in this case was conducted between February 7, 2006, and February 15, 2006.  Thus, time spent preparing a draft Case Management Report before

---

[2]  The process of electronically filing a document is a ministerial task that takes very little time.

[3]  The time entries are as follows: 12/14/2005 "Prepared and emailed Proposed Case Management Report to OC in light of Defendant's indication that it was not willing to resolve Plaintiff's claims and intended to litigate same" RBC 0.4 hours; 12/28/2006 "Email correspondence with OC regarding status of revisions to Case Management Report" RBC .1 hours; 1/6/06 "Review File to determine status of deadline to file Case Management Report and email correspondence with OC regarding same" RBC 0.2 hours; 2/22/2006 "Received, finalized and efiled Case Management Report and Settlement Report" RBC 0.5 hours.

those dates was premature and is not compensable.  Accordingly, I recommend that the Court reduce Celler's hours related to preparing the Case Management Report by 0.7 hours.

Celler also recorded an inordinate amount of time to review various documents filed with the Court, as follows:

- On November 6, 2006, Celler recorded 0.2 hours to "Receive[ ] and Review[ ] Notice of Withdrawal of Defendant's OJ [Offer of Judgments] and Motion for Hearing."  The substance of the notice is one sentence of three lines.

- On November 6, 2006, Celler recorded 0.4 hours to "Receive[ ] and Review[ ] Motion for Protective Order filed by Defendant regarding schedule deposition."  The substance of this motion is one and one-half pages long.  Moreover, Celler's time sheet reflects that he discussed the substance of the motion with counsel for Chequered Flag the day before it was filed.

- On November 8, 2006, Celler recorded 0.2 hours to "Receive[ ] and Review[ ] Order denying Motion for Protective Order."  This was a short text-entry order.

- On December 14, 2006, Celler recorded 0.2 hours to "Receive[ ] and Review[ ] judgment entered by the Court; calendared deadline to file fee motion."  The judgment is a one-page document in the form required by the Federal Rules of Civil Procedure.

To the extent that a minimum billing time is appropriate to review any document, the maximum reasonable time to review each of these documents would be 0.1 hours. Accordingly, I recommend that Celler's time be reduced by 0.6 hours.

3.      Administrative Time.

Some of the time Celler recorded is administrative or clerical work that is not ordinarily compensable. *Cf. Scelta*, 203 F. Supp. 2d at1334 ("[T]he efforts of a paralegal are recoverable only to the extent that the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.")(internal quotations omitted); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Specifically, that portion of the block billing entry on October 10, 2005, spent researching corporate and PACER records is clerical work. Accordingly, I recommend that Celler's time be reduced by 1 hour for his performance this task.

4.      Motion for Attorneys' Fees.

Chequered Flag also objects to an award of attorneys' fees for time spent preparing the present motion. Generally, a prevailing plaintiff may recover attorneys' fees incurred in establishing her entitlement to fees. *See Thompson v. Pharm. Corp. of Am.*, *Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (awarding fees for litigating entitlement to fees under 42 U.S.C. § 1988); *see also Schwartz v. High Q Seeds Corp.*, No. 05-60728-CIV, 2006 WL 1548385 (S.D. Fla. Mar. 13, 2006) (applying *Thompson* in a case

brought under the FLSA).   Accordingly, the objection to awarding fees for hours worked preparing the motion for attorneys' fees is unavailing.

Chequered Flag also argues that the amount of time spent on the attorneys' fee issue was excessive.  On November 28, 2006, Celler recorded 1.2 hours to review his "Fee Ledger" to resolve the fee dispute, and for conferences with opposing counsel in an attempt to resolve the issue.  Thereafter, on December 27, 2006, Celler reported an additional 3.9 hours to review and revised his fee ledger, review the file as to taxable costs, and prepare the present motion.

It is fair to assume that in the 1.2 hours spent on November 28, 2006, Celler confirmed that his fees and costs as reflected on his fee ledger were accurate in order to pursue settlement discussions in good faith.  He recorded only two other items after that date, and no additional costs.  Therefore, little, if any, of the 3.9 hours reported on December 27, 2006, could have related to reviewing and revising his fee ledger and cost statement.  The affidavit submitted in support of the fee motion is also a form document used by Celler in other cases, modified to conform to the present case.  *Compare* Doc. No. 33-2 *with, e.g.,* Case No. 6:05-cv-1841-Orl-31DAB, doc. no. 14-2.  Nevertheless, the motion addresses the applicable law and the facts of this case.  Accordingly, I conclude that 3.9 hours is a reasonable amount of time to prepare the motion in the absence of evidence that the motion itself was also a form document previously used by Celler.

5.      Lodestar Attorneys' Fees.

For the reasons discussed above, I recommend that Celler's time be reduced by

4.6 hours.  The lodestar attorneys' fee based on this adjustment would be as follows:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Richard Celler | 22.0 | $250.00 | $5,500.00 |
| Kelly Amritt | 1.3 | $150.00 | $195.00 |
| GRAND TOTAL | | | $5,695.00 |

*C.      Adjustment of the Lodestar.*

Chequered Flag asks that the Court apply a downward adjustment to the lodestar

because the amount of attorneys' fees sought far exceeds the amount of wages

allegedly owed to Hill.  It relies upon the decision in *Spegon v. The Catholic Bishop of*

*Chicago*, 989 F. Supp. 984 (N.D. Ill. 1998), *aff'd*, 175 F.3d 544 (7th Cir. 1999), in which

the Court reduced an attorney's fee award in an FLSA case because the amount of past

due wages at issue was only $350.00, and the defendant admitted that it owed this

amount as soon as the lawsuit was filed.

While I agree with the rationale of *Spegon*, the facts in the present case materially

differ from that case.  Rather than admitting that it owed the past due wages, Chequered

Flag denied the material allegations of the complaint and submitted a verified summary

of hours showing that it believed no wages were due.  Doc. Nos. 8, 15.  It was not until

November 2006, eleven months after receiving Hill's answers to interrogatories in which

he disclosed that he was seeking only $229.89 in past due wages, that Chequered Flag

served its offer of judgment.  Had Chequered Flag wished to reduce the payment of

attorneys' fees, it could have tendered payment of the past due wages to Hill or served its offer of judgment earlier in the litigation.  Having failed to do so, no basis exists for a downward adjustment of the lodestar attorneys' fee award.

     *D.    Costs*.

Hill also seeks $435.00 in costs for the filing fee and service of process.  The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff.  29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

The filing fee and costs of service are permitted under § 1920.  *See EEOC v. W&O, Inc*., 213 F.3d 600, 624 (11th Cir. 2001).  Celler represents that the filing fee in this case was $350.00, but the docket reflects that the filing fee was $250.00.  The invoice attached with the motion reflects that the costs of service of process were $85.00.

Therefore, I respectfully recommend that Hill be awarded $335.00 in costs in the absence of objection.

**III.     RECOMMENDATION.**

For the foregoing reasons, I respectfully recommend that Plaintiff's Motion for

Attorneys' Fees and Costs, doc. no. 33, be **GRANTED in part** and that Hill be awarded

$5,695.00 in fees and $335.00 in costs, and that the motion be **DENIED** in all other

respects.

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten (10) days from the date of its filing shall bar an

aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy